UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ASHLEY BUFFER,

Plaintiff,

v.

SACRAMENTO COUNTY SHERIFF'S DEPARMENT and COUNTY OF SACRAMENTO,

Defendants.

No. 2:26-cv-03400-TLN-SCR

ORDER

Plaintiff is proceeding in this action pro se, and the action was accordingly referred to the undersigned for pretrial proceedings by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff requests authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis ("IFP") and has submitted an application including a statement of income, assets, and expenses and declaring the inability to pay the costs of this proceeding. ECF No. 2. That motion is granted.

## I. SCREENING

Granting IFP status does not end the court's inquiry, however. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The court finds that, for screening purposes only, plaintiff's claims are sufficiently cognizable. This determination at screening does not

preclude a motion by Defendants pursuant to Federal Rule of Civil Procedure 12. *See Ingram v. Sterling*, 2016 WL 1211999, *4 (S.D. Cal. March 29, 2016) (noting that initial screening is performed by liberally construing the complaint and without the benefit of briefing by defendants and the screening order did not preclude consideration of a Rule 12(b)(6) motion).

II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. The motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Service of the Complaint (ECF No. 1) is appropriate for the following defendants:

   - Sacramento County Sheriff's Department
   - County of Sacramento

3. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs.

4. The Clerk of the Court shall send plaintiff the above: one USM-285, one summons, a copy of the complaint, and an appropriate form for consent to trial by a magistrate judge.

5. Plaintiff is directed to supply the U.S. Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process, <u>and shall promptly file a statement with the court that said documents have been submitted to the United States Marshal</u>. The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant in ¶ 2, above, at least:

   a. One completed summons;

   b. One completed USM-285 form;

   c. One copy of the endorsed filed complaint, with an extra copy for the U.S. Marshal;

   d. One copy of the instant order; and

   e. An appropriate form for consent to trial by a magistrate judge.

6. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on any defendant within 90 days from the date of this order, the Marshal is directed to report that

fact, and the reasons for it, to the undersigned.

7. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

8. Failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

DATED: November 13, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE